IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rodney McCoy, ) | C.A. No. 3:05-0649-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON MOTIONS TO** |
| ) | **STRIKE AND DISMISS** |
| Wesley J. Dennis and American Red Cross, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Defendants' motions to dismiss the complaint as having been filed beyond the applicable statute of limitations (Dkt No. 3) and to strike Plaintiff's claim for punitive damages (Dkt No. 4) . For the reasons set forth below, the motion to dismiss is denied and the motion to strike is granted.

**Motion to Dismiss.** The motion to dismiss is premised on an assumption that the statute of limitations applicable under the South Carolina Tort Claims Act ("SCTCA") also applies to claims against charitable entities. Defendants argue for such application based on the following language of South Carolina Code Section 33-56-180:

> A person sustaining an injury or dying by reason of the tortious act or commission or omission of an employee of a charitable organization, when the employee is acting within the scope of his employment, may recover in an action brought against the charitable organization *only the actual damages he sustains in an amount not exceeding the limitations on liability imposed in the South Carolina Tort Claims Act* in Chapter 78 of Title 15.

S.C. Code Ann. § 33-56-180(Supp. 2004) (emphasis added).

Defendants argue that because a statute of limitations is a limitation on liability, the reference to incorporation of the SCTCA's "limitations on liability" incorporates its statute of limitations. This argument would be more persuasive if the words "amount not exceeding" did not precede the

phrase "limitations on liability imposed in the South Carolina Tort Claims Act." Read in the context of these prefatory words, this court construes the limiting language to incorporate only the SCTCA's cap on actual damages and exclusion of punitive damages. *Id.* (emphasis added). Defendants have not directed the court to any authority that suggests a broader reading and the court has found none.[1] The court, therefore, denies the motion to dismiss.

**Motion to Strike.** Defendants have also moved to strike Plaintiff's demand for punitive damages. Plaintiff concedes that such damages are not available in light of the above quoted language. The motion to strike is, therefore, granted.

### CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt No. 3) is denied and motion to strike (Dkt No. 4) is granted.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
July 19, 2005

C:\temp\notesB0AA3C\05-649 McCoy v Dennis (vlv) mo's to dismiss and strike.wpd

---

[1] The few cases which have construed the relevant statutory provision address either the cap on actual damages or the individual employee's qualified immunity for claims not resulting from gross negligence. *E.g., Smith ex rel. Estate of Smith v. Church Mutual Ins.*, ___ F. Supp. 2d ___ (2005 WL 1594854) (D.S.C. 2005) (applying damages cap in context of insurance coverage dispute); *Pack v Associated Marine Institutions, Inc.*, 608 S.E.2d 134 (S.C. App. 2004) (finding gross negligence exception to limitation on liability not to apply).